1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11 | MICROSOFT CORPORATION,                          CASE NO. 07cv01165 WQH (CAB)

12 |                              Plaintiff,         **ORDER**
                    vs.
13 | ONLINE DATALINK COMPUTER, INC., a
    | California corporation; and HIEN HO, an
14 | individual,

15 |                              Defendants.

16 HAYES, Judge:

17       The matter before the Court is the Motion for Default Judgment and Permanent Injunction

18 against Defendants Online Datalink Computer, Inc. and Hien Ho.  (Doc. # 11).

19                              **BACKGROUND**

20       On June 26, 2007, Plaintiff Microsoft Corporation ("Microsoft") filed the Complaint (Doc.

21 # 1) against Defendants Online Datalink Computer, Inc. ("Online Datalink") and Hien Ho

22 (collectively referred to as "Defendants").  The Complaint alleges claims for copyright

23 infringement; federal trademark infringement; false designation of origin, false description, and

24 false representation; California common law unfair competition; the imposition of a constructive

25 trust upon the illegal profits of all Defendants; and for an accounting by Defendants.

26       The Complaint alleges that Defendant Online Datalink is a corporation engaged in the

27 business of advertising, marketing, installing, and distributing computer hardware and software,

28 including Microsoft software, and that Defendant Hien Ho is an "individual who is an officer,

shareholder, and/or director of and/or owns, operates, or otherwise controls Online Datalink." *Complaint*, ¶¶ 2-3. The Complaint alleges that Hien Ho "personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and derived direct financial benefit from that wrongful conduct." *Id.* at ¶ 3.

The Complaint alleges that in March 2007, Defendants distributed a computer system with software covered by Microsoft's registered copyrights and trademarks to an investigator. *Id.* at ¶ 12. The Complaint alleges that in a letter dated April 27, 2007, Microsoft notified Defendants that Microsoft had received reports of Defendants' distribution of infringing software and that the March 2007 distribution was an infringement of Microsoft's copyrights and trademarks. The Complaint alleges that the letter demanded that Defendants cease and desist their infringing conduct. *Id.* at ¶ 13. The Complaint alleges that Hien Ho received this letter and spoke with a Microsoft representative about the proper distribution of Microsoft software. *Id.* at ¶¶ 13-14. The Complaint alleges that in May 2007, Defendants again distributed computer systems with infringing Microsoft software to an investigator. *Id.* at ¶ 14. The Complaint alleges that these sales were not isolated incidents, and that "Defendants have been and continue to be involved in advertising, marketing, installing, and/or distributing infringing copies of Microsoft's software to unidentified persons or entities." *Id.* at ¶ 15.

The Complaint alleges that Defendants acted willfully, or "at a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's registered copyrights and marks." *Id.* at ¶¶ 17, 23.

The Complaint alleges that Microsoft holds valid copyrights in Microsoft Windows XP Professional, Microsoft Office 2003 Pro, Microsoft Office Excel 2003, Microsoft Office Outlook 2003, Microsoft Office PowerPoint 2003, Microsoft Office Word 2003, Microsoft Publisher 2003, Microsoft Business Contact Manager for Outlook 2003, and Microsoft Office Access 2003. *Id.* at ¶¶ 8-9. The Complaint alleges that Defendants infringed each of these copyrights. *Id.* at ¶¶ 20-23.

The Complaint alleges that Microsoft has duly and properly registered the following trademarks and service marks: "Microsoft," for computer programs and computer programming

services; "Microsoft," for computer hardware and software manuals, newsletters, and computer documentation; "Windows," for computer programs and manuals; the colored flag design; "Powerpoint;" "Microsoft Access;" "Outlook;" and the four color square logo. *Id.* at ¶ 10. The Complaint alleges that Defendants have infringed each of these trademarks. *Id.* at ¶¶ 28-34.

The Complaint requests that the Court enter a judgment against Defendants that they willfully infringed nine of Microsoft's federally registered copyrights under 17 U.S.C. § 501, and eight of Microsoft's federally registered trademarks and service marks under 15 U.S.C § 1114. *Id.* at p. 13-14. The Complaint also seeks injunctive relief against Defendants, enjoining their future infringement of these copyrights and trademarks. *Id.* at p. 14-15.

On June 27, 2007, Defendants were personally served with the Summons and Complaint in this action. (Docs. # 6, 7). On September 6, 2007, pursuant to Microsoft's request, the Clerk of the Court entered default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Docs. # 8, 10). To date, neither Online Datalink nor Hien Ho have filed an answer or otherwise responded to the Complaint. *Declaration of Jennifer N. Chiarelli (Chiarelli Decl.),*¶ 3 (Doc. # 11-5).

On February 1, 2008, Microsoft filed the Motion for Default Judgment and Permanent Injunction against Defendants. Microsoft request that the Court enter default judgment against Defendants, award Microsoft statutory damages totaling $970,000 and attorney's fees and costs totaling $5,677.20, and permanently enjoin Defendants from infringing Microsoft's copyrights and trademarks in the future. *Mot. for Default,* 3.

**ANALYSIS**

Microsoft contends that it is entitled to a default judgment against Defendants for the following reasons: Defendants have failed to respond to the Complaint; the Clerk of the Court has entered Defendants' default; Microsoft would be left without any recourse if the Court does not enter default judgment; the Complaint alleges the required elements for copyright and trademark infringement; there is no possibility of a dispute of material fact because the allegations in the Complaint are now deemed true; and Defendants' failure to respond to the Complaint makes resolution on the merits impossible. *Mot. for Default*, p. 5-6. Microsoft contends that statutory damages under the Copyright Act and the Lanham Act are appropriate because "Defendants failed

1   to file an answer and refused to defend," and "Microsoft could not conduct formal discovery." *Id.*

2   at 6-7.  Microsoft seeks the maximum amount of statutory damages for non-willful infringement,

3   even though it contends that Defendants infringed willfully.  *Id.* at 9-10.  Microsoft contends that a

4   permanent injunction to prevent the Defendants from continuing to infringe Microsoft's copyrights

5   and trademarks is appropriate because "Defendants were caught distributing infringing Microsoft

6   software in violation of Microsoft's copyrights and trademarks," Defendants continued to violate

7   Microsoft's intellectual property rights despite receiving warnings from Microsoft that such

8   conduct was illegal, and "there is little or no assurance that Defendant will refrain from future

9   infringement." *Id.* at 11.  Microsoft contends that it is entitled to attorneys' fees and costs on

10   grounds that an award of reasonable costs and attorneys' fees is authorized by both the Copyright

11   Act and the Lanham Act, and "[i]n cases against infringers of Microsoft software, courts have

12   consistently awarded attorneys' fees and costs." *Id.* at 11.

13          Rule 55(a) of the Federal Rules of Civil Procedure provides that the clerk of the court must

14   enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought

15   has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED.

16   R . CIV. P. 55(b).  After a default has been entered by the clerk of the court, the complaint's factual

17   allegations are taken as true, while allegations regarding the amount of damages must be proven.

18   *TeleVideo Systems, Inc.v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  After the clerk has

19   entered default, a court may enter a default judgment pursuant to Rule 55(b).  "Where damages are

20   liquidated . . . judgment by default may be entered without a damages hearing." *Dundee Cement*

21   *Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323-24 (7th Cir. 1983).  Granting or

22   denying default judgment is within the sound discretion of the trial court.  *Aldabe v. Aldabe*, 616

23   F.2d 1089, 1092 (9th Cir. 1980).  The Ninth Circuit has articulated the following seven factors for

24   courts to consider when exercising its discretion to enter default judgment:

25          (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's
            substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake
26          in the action; (5) the possibility of a dispute concerning material facts; (6) whether the
            default was due to excusable neglect; and (7) the strong policy underlying the Federal
27          Rules of Civil Procedure favoring decision on the merits.

28   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary standard,

default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

"Statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 882 (S.D. Ohio 2007).  The Copyright Act provides for statutory damages of $30,000.00 for non-willful copyright infringement, and of $150,000.00 for willful copyright infringement. 17 U.S.C. § 504(c).  The Lanham Act provides for statutory damages of $100,000.00 for non-willful trademark infringement, and of $1,000,000.00 for willful trademark infringement. 15 U.S.C. § 1117(c).  A plaintiff is entitled to a separate award of statutory damages under both the Copyright Act and the Lanham Act when the defendant simultaneously infringes a copyright and trademark.  *Nintendo of America, Inc. v. Dragon Pacific Int'l,* 40 F.3d 1007, 1011 (9th Cir. 1994).  The Court has wide discretion to determine the amount of statutory damages to be awarded.  *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990).

The Copyright Act and Lanham Act both authorize the issuance of permanent injunctions to prevent future infringements.  17 U.S.C. § 502(a); 15 U.S.C. § 1116(a).  A permanent injunction is warranted when there is no reason to believe that the infringing party has or will cease the infringement without an injunction.  *Microsoft Corp. v. Nop*, No. Civ. S-07-1276 MCE DAD, 2008 U.S. Dist. LEXIS 18727, at *9-10 (E.D. Cal. March 11, 2008); *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003).

The Copyright Act and Lanham Act both authorize the award of attorneys' fees and costs.  17 U.S.C. § 505; 15 U.S.C. § 1117(a).  The Copyright Act authorizes attorneys' fees for the prevailing party as a matter of the court's discretion.  *Fogarty v. Fogarty, Inc.*, 510 U.S. 517, 534 (1994).  The Lanham Act authorizes the award of reasonable attorneys' fees in exceptional cases, defined by the Ninth Circuit as cases where the infringement can be defined as "malicious, fraudulent or willful."  *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002).

The Clerk of the Court has entered Defendants' default.  The factual allegations in the Complaint are taken as true.  The Complaint sufficiently alleges facts to support all of Microsoft's claims for copyright and trademark infringement.  The Court concludes that Microsoft will be prejudiced if default judgment is denied because Microsoft will have no other recourse for recovery.  The amount of damages sought is relatively small because Microsoft is only seeking statutory damages for non-willful infringement.  Defendants' default is not a result of excusable neglect because Microsoft alerted Defendants to the infringement before filing the Complaint, and Microsoft served the Defendants with the Complaint.  The Court has considered the factors articulated in *Eitel* and concludes that a default judgment against Defendants is appropriate.

Microsoft is entitled to recover statutory damages because the "information needed to prove actual damages is within [Defendants'] control and is not disclosed" as a result of Defendants' failure to respond to the Complaint and defend this suit.  *Microsoft Corp. v. McGee*, 490 F. Supp. 2d at 882.  Microsoft is entitled to recover statutory damages under both the Copyright Act and the Lanham Act because Defendants simultaneously infringed Microsoft's copyrights and trademarks.   Microsoft seeks the maximum amount of statutory damages permitted for non-willful copyright and trademark infringement ($30,000 for each of nine copyrights at issue, and $100,000 for each of seven trademarks at issue, for a total of $970,000).  Microsoft's requested statutory damages are reasonable given Microsoft has only requested the maximum non-willful statutory damages despite the alleged willful conduct.[1]  The Court concludes that Microsoft is entitled to total statutory damages of $970,000, consisting of $100,000 for each of seven trademark infringements and $30,000 for each of nine copyright infringements.

Defendants have continued to infringe the copyrights and trademarks of Microsoft despite being warned of their unlawful conduct. There is no reason to believe they will cease these actions without the issuance of a permanent injunction.  The Court concludes that a permanent junction enjoining Defendants' future infringement of Microsoft's copyrights and trademarks is

---

[1]An award of $970,000 is comparable to the amount of damages awarded in similar cases. *See Microsoft Corp. v. Nop*, No. Civ. S-07-1276 MCE DAD, 2008 U.S. Dist. LEXIS 18727, at *9-10 (E.D. Cal. March 11, 2008)(awarding $970,00 for nine trademark infringements and seven copyright infringements); *McGee*, 490 F.Supp. 2d at 882 (awarding $710,000 for five trademark infringements and seven copyright infringements).

1  appropriate.

2      The Court concludes that Microsoft is entitled to reasonable attorneys' fees and costs

3  totaling $5,677.20 in light of Defendants' willful infringement of Microsoft's copyrights and

4  trademarks, and the statutory authorization to award attorneys' fees and costs in both the Lanham

5  Act and Copyright Act. *See* 17 U.S.C. § 505; 15 U.S.C. § 1117(a).

6                                    **CONCLUSION**

7      IT IS HEREBY ORDERED that the Court **GRANTS** Plaintiff Microsoft Corporation's

8  Motion for Default Judgment and Permanent Injunction (Doc. # 11).  Microsoft Corporation is

9  entitled to a default judgment against Defendants, an award of $970,000.00 in statutory damages

10 and $5,677.20 in attorneys' fees and costs, and a permanent injunction enjoining Defendants from

11 infringing Microsoft's copyrights and trademarks in the future.  The Court orders Microsoft to file

12 a proposed judgment in accordance with this Order **on or before Monday, June 2, 2008.**

13 DATED:  May 6, 2008

14                                    **WILLIAM Q. HAYES**
15                                    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28